People v Salas (2024 NY Slip Op 51751(U))

[*1]

People v Salas

2024 NY Slip Op 51751(U)

Decided on December 20, 2024

Criminal Court Of The City Of New York, Bronx County

Lewis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 20, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Edgar Salas, Defendant.

Docket No. CR-006455-24BX

Ivan Marchena, Esq., iMarchena@bronxdefenders.org, The Bronx Defenders for defendant and Casey McIntyre, Esq.,
McIntyrec@bronxda.nyc.gov, Office of the Bronx County District Attorney for the People.

Daniel M. Lewis, J.

Defendant Edgar Salas is charged by information with Driving while intoxicated pursuant to VTL § 1192(3), an unclassified misdemeanor punishable by up to 364 days jail, and Driving while his ability to operate a motor vehicle was impaired pursuant to VTL § 1192(1), a violation punishable by up to 15 days jail.
Defendant moves to dismiss the information pursuant to CPL § § 30.30(1) and 170.30(1)[e], arguing the People's failure to properly certify compliance with CPL Article 245's discovery mandates rendered their June 17, 2024 Statement of Readiness (SOR) illusory, thus making the time between June 17, 2024 and August 28, 2024, the date this motion schedule was requested, chargeable against a speedy trial time calculation and therefore exceeding the 90 days the People have to bring the case to trial under CPL 30.30. If denied, Defendant moves to suppress various evidence and testimony or to grant evidentiary hearings for a determination of the same. For the reasons set forth below, Defendant's motion to dismiss is granted; therefore the court need not rule on Defendant's remaining motions.
[*2]Pertinent Procedural History
Defendant was arraigned March 18, 2024, and the case was adjourned to April 18, 2024 for conversion and for the People to file a Certificate of Compliance ("COC"). On April 18, 2024, the case was adjourned to June 13, 2024 for conversion and COC. On June 13, 2024 the case was adjourned for supporting deposition and COC to July 25, 2024. 
A COC and Statement of Readiness ("SOR") were filed and served off calendar on June 17, 2024. On July 25, 2024 the case was adjourned to August 28, 2024 for a COC conference. On August 28, 2024, Defense requested this motion schedule and the case was adjourned to November 13, 2024, and then to December 20, 2024, for decision on the motion. 
Discussion
Defendant asserts that the People's June 17, 2024 COC is invalid because the People failed to remit multiple items with their COC. Neither party contests that the omitted items are subject to the automatic discovery provision of CPL 245.20(1). Among the items missing are photos and videos of the incident scene; the police accident report; a motor vehicle accident report; the aided report; the collision information exchange document; property vouchers; the incident information slip; field sobriety test notes; and witness statements from the vehicle collision. The People's explanation for the items' absence as of the COC filing date was that they "are not available."
Where, as here, the highest charge is a misdemeanor punishable by a sentence of imprisonment of more than three months, the People are required to be ready for trial within 90 days from the commencement of the criminal action (see CPL § 30.30[1][b]).
Under CPL § 30.30(5), "[a]ny statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20." CPL § 245.20(2) states, the "prosecutor shall make a diligent, good faith effort to ascertain the existence of material or information discoverable under [CPL § 245.20(1)]." CPL § 245.50(3) adds, "the prosecution shall not be deemed ready for trial for purposes of section 30.30 . . . until it has filed a proper certificate pursuant to subdivision one of this section." Under CPL § 245.50(1), a proper certificate is one which affirms "that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery."
The People's failure to file a valid COC within the applicable CPL 30.30 period perforce means the case must be dismissed. Moreover, Defendant need not demonstrate prejudice (See, People v Bay, 41 NY3d 200, 213-214, [2023]). Thus, the only question here is whether the People's efforts to identify, obtain, and remit the discovery in their actual and constructive possession demonstrated the good faith and due diligence reasonable under the circumstances required by the CPL prior to their filing a COC. Id. As further explained below, the court finds that the People did not.
Although there "is no rule of 'strict liability'" and "the statute does not require or anticipate a 'perfect prosecutor,'" whether the People exercised good faith and due diligence is determined by an analysis of the People's conduct as of the date the COC was filed. (People v. Bay, 41 NY3d at 212). This court agrees that "a holistic assessment of the People's efforts to comply with the automatic discovery provisions, rather than a strict item-by-item test" is best. People v Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024]. However, to establish due [*3]diligence, the People must recount the steps they took to obtain or ascertain the existence of the disputed materials. (See, People v. Rodriguez, 73 Misc 3d 411 [Sup. Ct, Queens County 2021]).
To be sure, "belated disclosure will not necessarily establish a lack of due diligence or render an initial COC improper." (Bay, 41 NY3d at 212; see People v Georgiopoulos, 71 Misc 3d 1215[A] at *2 [Sup Ct, Queens County 2021] ["belated disclosures should not invalidate a certificate of compliance that was made in good faith after the exercise of due diligence where the delay resulted from, for example, minor oversights in the production of material, delayed discovery of the existence of certain items, or a good faith position that the material in question was not discoverable"]). But, the "People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure." (Bay, 41 NY3d at 213).
Here, the People's motion states that on May 16, 2024, they requested multiple automatically discoverable items, including 911 and Radio materials, Giglio evidence, IDTU paperwork, and other NYPD records that are routinely made and kept in a VTL 1192(3) case via email. Several of those items were turned over to the People the next day, but most of the requested discovery from NYPD remained outstanding.
After May 16, 2024, the People's sole effort to obtain the missing items was an email on June 17, 2024, the day the People filed their COC and SOR. Notably, that email was nothing more than a forward of the May 16, 2024 email to the NYPD Discovery Liaison for the 45th Precinct, adding that the assigned assistant was "following up on the discovery request."[FN1]
The People's motion reflects no efforts to call the officers in question, the discovery liaison, or the precinct. Nor does it reflect any effort to contact the Bronx DA Office's internal units to facilitate or expedite the request to NYPD. Indeed, the People's only follow up was an 11th hour email, 31 days after the original request, which conveyed no sense of urgency.
In this case, the People's actions fail to evince the good faith and due diligence required under CPL 245.20. All missing items were rightfully imputed to be in the People's possession and constituted the sort of routine evidence easily foreseeable in a VTL 1192(3) case. That some of the items may not exist, and that the People eventually remitted discovery along with a Supplemental COC over two months after the COC are of no moment to an analysis of the People's efforts leading up to June 17, 2024.
For the reasons above, the June 17, 2024 COC is invalid, and the People's SOR is thereby illusory.
Defendant was arraigned on March 18, 2024. The case was adjourned to April 18, 2024 for conversion and for COC. Thirty (30) days are chargeable to the People.
On April 18, 2024, the case was adjourned to June 13, 2024 for conversion and for COC. The People are charged fifty-six (56) days for a total of eighty-six (86) days.
On June 13, 2024, the case was adjourned to July 25, 2024 for supporting deposition and COC. On June 17, 2024 the People filed an invalid COC and an illusory SOR. The People are charged with forty-two (42) days from June 13, 2024 to July 25, 2024 for a total of 129 days.
On July 25, 2024, the case was adjourned to August 28, 2024 for a COC conference. The [*4]People are charged thirty-four (34) days for a total of 163 days. 
On August 28, 2024 a motion schedule was set and the case was adjourned to November 13, 2024 for decision, as rescheduled to December 20, 2024. Zero days are charged for these adjournments.
Accordingly, the People are charged a total of 163 days, and defendant's motion to dismiss the accusatory instrument pursuant to CPL 30.30 is granted. The remaining contentions are moot.
The foregoing constitutes the opinion, decision, and order of the Court.
Dated: December 20, 2024
Bronx, New York
DANIEL M. LEWIS, J.C.C.

Footnotes

Footnote 1: All parties agree that June 17, 2024 was the 90th chargeable day, the maximum allowable for CPL 30.30 speedy trial purposes. Under CPL 245.20(1)(a), the People's COC was due on May 23, 2024, 65 days after arraignment.